## AMERICAN CAST IRON PIPE COMPANY v. CITY OF MINNETONKA.

223 N. W. 2d 771.

October 25, 1974—No. 44294.

*Culhane & Culhane, Michael L. Culhane,* and *James E. Culhane,* for appellant.

*Carl F. Dever, Dorsey, Marquart, Windhorst, West & Halladay,* and *John M. Mason,* for respondent.

Heard before Knutson, C. J., and Otis, MacLaughlin, and Mulally, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This is an action by a subcontractor against a municipality to recover the value of materials furnished in the construction of a municipal sewer system. The contractor and its surety being insolvent, the issue is whether funds withheld by the municipality from the contractor and used to complete the contract are available to unpaid subcontractors. The trial court held that the subcontractor had no claim to the funds thus retained, and we affirm.

The facts are essentially undisputed. The city of Minnetonka in May 1969 contracted with D. M. Noyes Construction Company to install a sanitary sewer system for the sum of $458,886.95. Noyes contracted with the plaintiff, American Cast Iron Pipe

Company, for materials for which the sum of $15,032.05 remains due and unpaid. In August 1970, Noyes was adjudicated bankrupt. Shortly thereafter the Homeowners Insurance Company, which furnished Noyes its contractor's bond, defaulted and was liquidated the following April.

At the time Noyes defaulted it had earned $340,416.99, 10 percent of which, or $34,041.70, had been withheld by Minnetonka in compliance with Minn. St. 429.041, subd. 6. Minnetonka thereupon in August 1970 contracted with Johnson Bros. Highway and Heavy Construction, Inc., to complete the work for the sum of $167,224.37, which was $14,712.71 in excess of the amount for which Noyes contracted to do the work.

1. Plaintiff asserts a right to enjoy the benefits of the $34,000 retained by Minnetonka on the theory that the contract between Minnetonka and Noyes provided, among other things, that the city could withhold funds for the purpose of paying subcontractors. The specific language of that section of the contract is as follows:

"The Owner may withhold or, on account of subsequently discovered evidence, nullify the whole or a part of any certificate to such extent as may be necessary to protect himself from loss on account of or recover from Contractor reimbursement for:

\*     \*     \*     \*     \*

(c) Failure of the Contractor to make payments properly to subcontractors or for material or labor.

(d) A reasonable doubt that the Contract can be completed for the balance then unpaid."

There is a further provision for withholding final payment to the contractor until releases and receipts for all labor and material are furnished.

In denying recovery the trial court noted that no case had been cited to support plaintiff's claim to any funds retained by Minnetonka under circumstances where such funds were inadequate to complete the project. All of the cases cited by plaintiff dealt

with funds retained in excess of what was needed to perform the contract. Minn. St. 574.28 authorizes those furnishing labor, skill, or materials to the contractor to look to the municipality for payment if the municipality neglects to require a bond under Minn. St. 574.26. Conversely, the statute suggests that where a bond is furnished, subcontractors have no recourse against the municipality.

The contract between Minnetonka and Noyes makes it clear that the retention of funds was for the benefit of the city. It provided in part:

"[Minnetonka] [m]ay withhold * * * [payments] to such extent as may be necessary to protect himself from loss on account of or recover from Contractor reimbursement for:

*   *   *   *   *

(c)   Failure of the contractor to make payments properly to subcontractors or for material or labor.

(d)   A reasonable doubt that the Contract can be completed for the balance then unpaid."

Since the city has fully discharged its obligation to subcontractors by requiring the filing of a bond and has not obligated itself to plaintiff in any other way, we are cited no authority for imposing liability on the city for the default of the contractor or surety.

2.   The contract between the city and Noyes provided that in the event of the contractor's default the city, "after giving the Contractor seven (7) days' written notice, [may] terminate the employment of the Contractor and take possession of the premises and of all materials, tools, and appliances thereon and finish the work by whatever method he may deem expedient." The plaintiff asserts that the city neglected to give the contractor notice of default and that this agreement with the contractor was made part of the contract with the surety. Hence, it is argued that the surety was also entitled to notice and the city's breach of contract forfeited its right to retain the funds withheld from

442

the contractor. It is plaintiff's position that Minnetonka had no right to retain Johnson Bros. to complete the project because Minnetonka had not legally rescinded its contract with Noyes. Plaintiff further argues that "had proper notice been given to the contractor and had the surety been allowed to go forward on the construction the percentages to be retained would have mounted and the security increased."

We are not persuaded by these contentions. The trial court pointed out that notice to the contractor would have been an unavailing formality and that plaintiff has neither shown standing nor prejudice entitling it to relief. We are in accord with these views and hold that in the absence of some showing that the city became obligated to plaintiff as a result of its contract with Noyes and that its failure to comply with the contract resulted in prejudice to plaintiff, the city was clearly authorized and obliged to use the retained funds for the purpose of completing the project by employing another contractor. Accordingly, the order of the district court is affirmed.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.